IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RODERICK ALEXANDER,          *

    Petitioner,                          *
                                                  CASE NO. 4:05-CV-142 CDL
VS.                                    *       18 U.S.C. § 3582 Motion
                                                    CASE NO. 4:97-CR-35

UNITED STATES OF AMERICA,   *

    Respondent.                       *

## REPORT AND RECOMMENDATION

      Petitioner Alexander was convicted after jury trial of Bank Robbery and Use of a Firearm During and In Relation to a Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 924(c) respectively.  He was sentenced on August 5, 1998, to a term of imprisonment of 121 months on the Bank Robbery conviction and a consecutive mandatory 60 months on the Firearm conviction. (R1-28).   He appealed his conviction and sentence, and the same were Affirmed by the Eleventh Circuit Court of Appeals on August 16, 2000. (R1-43).  He filed an application for W*rit of Certiorari* which was denied by the United States Supreme Court in *Alexander v. United States,* 531 U.S. 1043, 121 S.Ct. 642 on December 4, 2000.

      On February 22, 2001, Petitioner Alexander filed in this court his **first** Motion to Modify his Sentence under 18 U.S.C. § 3582(c)(2) on the basis of Sentencing Guideline Amendment 599 which had become effective November 1, 2000.  (R1-48).  Petitioner's Motion was referred by District Judge Lawson to the undersigned Magistrate Judge for Report and Recommendation under 28 U.S.C. § 636, et seq.  A Report and Recommendation

to Deny Petitioner's Motion was filed on March 2, 2001. (R-50). The District Judge adopted the Report and Recommendation by Order dated March 27, 2001 and Denied Petitioner's Motion to Modify his sentence. (R1-54, 55). Petitioner appealed Judge Lawson's Judgment, and, on April 26, 2002, the Eleventh Circuit Court of Appeals affirmed the district court on Petitioner's Section 3582(c)(2) Motion to Modify Sentence. (R1-72). Petitioner sought *certiorari* as to this decision, and the Supreme Court denied the same in *Alexander v. United States,* 123 S.Ct. 45, on October 7, 2002.

Petitioner's present Motion to Modify his Sentence under 18 U.S.C. § 3582(c)(2), specifically Guideline Amendment 599[1], raises the same issue raised in his February 22, 2001 Motion To Modify his Sentence under § 3582(c)(2). He urges that the removal of the 5 Offense Level points added at ¶ 24 of his PSI for the possession of a separate firearm by his co-defendant during the underlying bank robbery offense. The only difference in Petitioner's present § 3582(c)(2) Motion and his first one is that he has added a claim of rehabilitation attaching a 1999 Certificate of Drug Education Program completion, a 2000 Certificate for Participation in The Common Sense Parenting Class, a 2001 Student Transcript for Completion of a Professional Small Business Management Program, a 2001 Certification For Participation and Completion in a Class For Establishing Healthy

---

[1] See **United States v. Pringle**, 350 F.3d 1172 (11th Cir. 2003): "18 U.S.C. § 3582(c)(2) gives retroactive effect to certain amendments to the Sentencing Guidelines that lower the sentencing range upon which earlier sentences was based. Defendant's motion to reduce is based on **Amendment 599** to § 2K2.4 of the Sentencing Guidelines (effective November. 1, 2000). Amendment 599 is listed in U.S.S.G. § 1B1.10(c), making it one for which the retroactive application *may be* appropriate."

Relationships, a 2002 Certificate of Completion of a Stock Marketing Class, a 2002 Certificate of Appreciation for Excellent Work Ethics in the Education Department's Tutorial Program, and a 2005 Certificate of Completion of FCI Talladega's Real Estate Class. (R-102-2). Petitioner Alexander did not address this rehabilitation contention in his first § 3582 Motion. While his attached Certificates of educational and vocational accomplishments while in prison are impressive, they are not found to be sufficient evidence of rehabilitation to warrant revisiting (and/or reducing) Petitioner's sentence.

Petitioner second § 3582(c)(2) Motion in regard to Amendment 599 presents the questions whether he can file a second and successive § 3582 Motion, on the one hand, or whether, the district court's denial of his identical Motion on March 27, 2001, together with the affirmation of that decision by the Eleventh Circuit Court of Appeals and the Supreme Court's denial of Petitioner Alexander's application for *writ of certiorari*, constitute a *law of the case* bar.

The Eleventh Circuit Court held in *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000), that under the *law of the case doctrine,* the district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. Moreover, the United States Supreme Court held in *Arizona v. California,* 460 U.S. 605, 619, 103 S.Ct. 1382, 1391 (1983):

> Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. . . . It is clear that res judicata and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment. (citations omitted) Nevertheless, a fundamental precept of common-law adjudication is that an issue once

> determined by a competent court is conclusive. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973 (1979). . . "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana,* 440 U.S. at 153-154, 99 S.Ct., at 973-74.

A copy of the Report and Recommendation made and filed on March 2, 2001 (R-50), which the District Judge adopted and made the Order of this Court on March 27, 2001, thereby denying Petitioner's first and identical Motion to Modify his sentence (R1-54, 55), are attached hereto and made a part of the Recommendation made hereinafter.

IT IS HEREBY RECOMMENDED that this court DENY Petitioner's second and successive Motion to Modify his Sentence under 18 U.S.C. § 3582(c)(2) on the basis of Sentencing Guideline Amendment 599 as barred by the *law of the case doctrine,* and/or to exercise its discretion in this matter and determine according to the law contained in the first Report and Recommendation filed on this issue (R-50), attached hereto and made a part hereof by reference, and find that a reduction of Petitioner's original sentence is not warranted, and DENY Petitioner's present Motion To Modify his Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file with the United States District Judge, written objections to this Recommendation, WITHIN TEN (10) DAYS after being served with a copy hereof..

SO RECOMMENDED this 8th day of December 2005.

        S/ G. MALLON FAIRCLOTH
        UNITED STATES MAGISTRATE JUDGE

ATTACHMENT.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RODERICK ALEXANDER, | * | |
| Petitioner, | * | CASE NO. 4:01-CV-9-3(HL) |
| | | MOTION TO MODIFY TERM OF IMPRISONMENT |
| VS. | * | 18 U.S.C. § 3582(c)(2) |
| UNITED STATES OF AMERICA, | * | |
| | | CASE NO. 97-CR-35-002 |
| Respondent. | * | |

REPORT AND RECOMMENDATION

Petitioner, Roderick Alexander, filed the above styled Motion pursuant to Title 18 U.S.C. § 3582, which provides:

> (c) The court may not modify a term of imprisonment once it has been imposed except that –
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Statement of Facts

Petitioner was indicted on September 24, 1997, along with co-defendant, Quincy L. Scott, for the offense of assaulting persons by the use of dangerous weapons while committing the offense of Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d), the maximum penalty for these conjoined offenses being not more than twenty-five years. In Count Two of the Indictment,

5

Petitioner Alexander was also charged with knowingly using and carrying a firearm, a .32 caliber revolver, during and in relation to a crime of violence in violation of Title 18 United States Code, Section 924(c), the penalty for violation of 18 U.S.C. § 924(c) being a mandatory minimum term of five years to serve.  On March 16 and 17, 1998, both defendants were tried by jury and found guilty as charged.  Co-defendant Scott was sentenced, subsequent to a Pre-Sentence Investigation and Report, on July 23, 1998 to serve 151 months imprisonment on Count One and a consecutive 60 month sentence of imprisonment on Count Three, for a total term of 211 months.  Petitioner Alexander was sentenced, subsequent to a Pre-Sentence Investigation and Report, on July 23, 1998 to serve 121 months imprisonment on Count One and a consecutive 60 month sentence of imprisonment on Count Three, for a total term of 181 months.

## The Pre-Sentence Investigation

The revised PSI, prepared and presented to the sentencing court of July 23, 1998, established Petitioner's **Adjusted Offense Level** as to the Count One conviction at 31 in the following manner:

By attributing a Base Offense Level of **20** for the Armed Bank Robbery violation pursuant to U.S.S.G. § 2B3.1;

By increasing the Offense Level by **2** levels for the Specific Offense Characteristic of taking bank funds in the robbery, pursuant to U.S.S.G. § 2B3.1(b)(1);

By increasing the Offense Level by **5** levels for the co-defendant's possession of a separate firearm during the bank robbery, pursuant to U.S.S.G. § 2B3.1(b)(2)(C);

By increasing the Offense Level by **2** levels for Petitioner's willful obstruction of justice, pursuant to U.S.S.G. § 3C1.1; and

By increasing the Offense Level by **2** levels for Petitioner's reckless creation of substantial risk of death of serious bodily injury to another person in the course of fleeing from law enforcement officers at the time of his arrest, pursuant to U.S.S.G. § 3C1.2.

The increases to the Base Offense Level resulted in a **Total Offense Level** of **31.**

### Petitioner's Motion

In the instant Motion, Petitioner takes issue only with the **5** level increase attributed for his co-defendant's possession of a separate firearm and contends that he is entitled to a 5 level reduction of his Total Offense Level and a corresponding reduction in the Guideline Sentence range, as the result of the adoption of Guideline Amendments effective November 1, 2000. Petitioner contends that the 5 level enhancement should be removed per the November 1, 2000 amendment, and that his sentence now should be based on a level 26, which, with his Criminal History Category of II, would result in a sentencing range of 70-87 months for the bank robbery offense charged in Count One of the Indictment, rather than the original range of 121 -151 months. Petitioner does not contend that the mandatory 60 month consecutive sentence which he received for the firearm violation of 18 U.S.C. § 924(c) as charged in Count Three can be changed in any manner.

### The Guideline Amendment

Petitioner's contentions refer to U.S.S.C. Appendix C, amendment 599 at pages1210-1212 of the *Federal Sentencing Guidelines Manual*, which amended the Commentary to §2K2.4 captioned "Application Notes" in Note 2 by striking the first paragraph in its entirety and inserting a new first paragraph with the following provisions relevant to Petitioner's Motion:

> Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c). . . . A sentence under this guideline accounts for the conduct covered by these enhancements because of the relatedness of that conduct to the conduct that forms the basis for the conviction under 18 U.S.C. § 924(c).

>**Reason for Amendment:** This amendment expands the commentary in Application Note 2 of §2K2.4 to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses. The amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence . . . underlying the 18 U.S.C. § 924(c) conviction.

### Standard of Review

In considering a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in applicable guideline range, a district court must engage in a two-part analysis. Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using the new base level to determine what ultimate sentence it would have imposed. "In undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." *United States v. Vautier,* 144 F.3d 756, 760 (11th Cir. 1998), *cert. denied,* 525 U.S. 1113, 119 S. Ct. 888, (1999) (citing U.S.S.G. § 1B1.10(b), comment n.2). "A sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). Indeed, . . . the original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentence. . . . Section 3582(c) does not grant to the court jurisdiction to consider extraneous resentencing issues." *United States v. Bravo,* 203 F.3d 778, 780, 81 (11th Cir. 2000).

The next step is for the district court to consider the factors listed in 18 U.S.C. § 3553(a). *Bravo,* 203 F.3d at 781 (11th Cir. 2000). "Section 3582(c)(2) and the Sentencing Guidelines require [the] court to consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence. This is not a mandatory reduction. *Settembrino v. United States,* -- F. Supp. 2d -- , 2000 WL 1880341 (S. D. FL, Dec. 28, 2000). "Although the district court must undertake the two step analysis, the district court is not required to reduce the defendant's sentence. See United States v. Vazquez, 53 F.3d 1216, 1227-28 (11th Cir. 1995). Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing is discretionary. See 18 U.S.C. § 3582(c)(2) (stating that court 'may reduce the term of imprisonment'); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) ('A court's power to reduce sentences under § 3582(c)(2) is discretionary.')." *United States v. Vautier,* 144 F.3d 756, 760 (11th Cir. 1998).

"[T]he district court's discretionary decision whether to depart from the amended guideline range is not dictated or mandated by either its prior decision to depart or the extent of the prior departure." *Vautier,* 144 F.3d at 762.

### Applying The Two-Step Analysis

**I.** In undertaking to recalculate Petitioner's sentence under the amended guideline, removal of the 5 level increase under §2B3.1(b)(2)(C) to the base offense level is all that is required. The only applicable guideline change is the §2K2.4 removal of enhancement for the firearm possessed during the bank robbery by Petitioner's co-defendant, as originally calculated in the PSI. (Tab 46). Petitioner's calculations are correct that removal of the 5 level increase would reduce his Adjusted Offense Level to 26 which, together with his Criminal History

9

Category of II [*which was the only difference between himself and co-defendant Scott*], would result in a guideline sentencing range of 70-87 months of imprisonment as to his conviction on Count One, to be followed by the mandatory minimum 60 month sentence on Count Two. The ultimate sentence that could have been imposed, had the amended guideline been in effect at the time of Petitioner's original sentencing, would have been within the range of 130 to 147 months imprisonment.

In the original sentence, the court applied no downward departures, but sentenced the Petitioner at the low end of the original guideline range (121 months) as to Count One. In determining what ultimate sentence the court would have imposed using the new base level, the district court is not bound to use the low end of the guideline range, nor repeat any departure decision previously made. *See Vautier,* 144 F.3d at 762. It is most reasonable to infer and determine, that, using the new base level, the district court, in the face of the nature of the crimes, and the mandatory consecutive 60 month sentence as to the Count Three conviction, would have imposed the 87 months at the high end of the guideline range for the Count One conviction, for a total sentence of 147 months.

**II.** Considering the factors listed in 18 U.S.C. § 3553(a) in determining whether or not to reduce Petitioner's original sentence, the court must note that the Petitioner, acting in concert with co-defendant, Quincy Scott, did, on September 11, 1997, by force, violence, and intimidation, take more than $7, 000 in United States currency belonging to Columbus Bank and Trust, assaulting and jeopardizing the lives of others by use of a dangerous weapon, the same being a handgun firearm; and that Petitioner used and carried a .32 caliber revolver during and in relation to the aforesaid crime of violence. The court must also note that Petitioner's record of

10

prior criminal offenses involved the illegal possession of firearms, resulting in a total criminal history score of 3 and a Criminal History Category of II by federal sentencing guidelines; and that the only kind of sentence available under the circumstances of Petitioner's convictions involve long term and mandatory periods of imprisonment.

Therefore, having considered, pursuant to 18 U.S.C. § 3553(a), the nature and circumstances of the offenses and the Petitioner's history and characteristics, together with the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Petitioner, and to provide Petitioner with needed educational or vocational training, or other correctional treatment in the most effective manner,

IT IS HEREBY RECOMMENDED that this court exercise its discretion in this matter and determine not to reduce Petitioner's original sentence, but to DENY Petitioner's Motion To Modify his Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file with the United States District Judge, written objections to this Recommendation, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 2nd day of March 2001.

S/_____
G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE